TOWN OF GREENBURGH, Appellant, v. BOBANDAL REALTIES, INC., et al., Respondents.—

On May 2, 1924, the town adopted a zoning ordinance which placed parcels 19A and 37A in a one-family residence district. One Schmidt purchased parcel 19A on November 26, 1924, and began operating a restaurant thereon in 1927. On September 29, 1932, the town adopted another zoning ordinance which again placed parcels 19A and 37A in a one-family residence district. On July 14, 1938, Schmidt acquired title to parcel 37A, which was thereafter used as a playground, accessory to the restaurant. On September 16, 1955, the corporate defendant acquired title to parcels 19A and 37A. In February, 1956, it petitioned the Town Zoning Board of Appeals for a variance to permit the construction of a swimming pool on parcel 37A. The variance was granted on April 9, 1956. During the pendency of a proceeding to review that determination, the corporate defendant completed the construction of the swimming pool. On August 6, 1957, the town adopted a zoning ordinance which again placed parcels 19A and 37A in a one-family residence district. On July 8, 1958, this court annulled the granting of the variance (*Matter of Innet* v. *Liberman*, 6 A D 2d 875, appeal dismissed 6 N Y 2d 841). On June 10, 1959, this action was commenced to enjoin defendants from using both parcels in violation of the 1957 zoning ordinance. Special Term dismissed the complaint on the grounds: (1) that the 1924 zoning ordinance was ineffective as against both parcels because there was no proof

that the ordinance was personally served on the then owner of the parcels, as allegedly required by the enabling act (then subdivision 18 of the then section 142-a of the Town Law); (2) that the 1932 zoning ordinance was ineffective because there was no proof of its posting as required by section 2 of chapter 714 of the Laws of 1926; and (3) that the corporate defendant therefore had a prior lawful nonconforming use at the time of the adoption of the 1957 ordinance, which the defendants may continue. In our opinion, such dismissal was erroneous and the town is entitled to judgment in its favor. When subdivision 18 of section 142-a of the Town Law was added by chapter 322 of the Laws of 1922, such subdivision became subject to the omnibus provision contained in the last paragraph of the then existing section 142-a, as enacted by chapter 218 of the Laws of 1919. In such omnibus provision the Legislature had directed that all ordinances authorized by any of the subdivisions of said section 142-a "shall take effect ten days after" publication and posting. Therefore, as against the parcels here involved, the 1924 zoning ordinance became effective regardless of the absence of proof of personal service. Such personal service, as permitted by subdivision 18 of then section 142-a, was optional with the town. Advantage could be taken of that method of procedure if, as against any particular person or persons, the town wanted to make an ordinance effective prior to the time provided in the said omnibus provision of the then section 142-a of the Town Law. It follows that, although the 1932 zoning ordinance was ineffective because of the absence of proof of posting, the 1924 zoning ordinance became effective in May, 1924, and remained effective until the adoption of the 1957 ordinance. The formal findings of fact inconsistent herewith are modified or reversed, and new findings of fact consistent herewith will be made. Settle order on consent or on 10 days' written notice, setting forth appropriate recitals as to the findings to be modified or reversed and the new findings to be made. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.